IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

YASMIN REYES-DE LEON,

   Plaintiff,

        v.

COCONUT PROPERTIES, LLC,

   Defendant.

CIV. NO. 20-1313 (SCC)

**OPINION AND ORDER**

Defendant Coconut Properties, LLC, moves for summary judgment on Plaintiff Yasmin Reyes-De Leon's claims against it. Docket No. 80. For the reasons below, we grant its motion in part and deny it in part.

But before we reach the merits, we pause to say a few words about the parties' summary judgment filings. Their filings are unusually sparse on the relevant facts and governing law. They are also difficult to understand at times. We remind the parties that "[j]udges are not mind-readers, so [they] must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." *Rodríguez v. Mun. of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011). Arguments that are "confusingly constructed and lacking in coherence" will be ignored. *See id.* (quoting *United States v. Eirby*, 515 F.3d

31, 36 n.4 (1st Cir. 2008)).

**I. Background & Undisputed Facts**

After Hurricane María hit Puerto Rico, the Federal Emergency Management Agency (FEMA) implemented a Direct Lease program to help people who had been impacted by the hurricane secure housing. Docket No. 81, pg. 2 (¶ 3); Docket No. 87-1, pg. 2 (¶ 3). FEMA contracted with property management companies, such as Coconut Properties, to handle the leasing process and manage the properties leased through the Direct Lease program. Docket No. 1, pg. 5.

Reyes owns a house in Puerto Rico. Docket No. 81, pg. 2 (¶ 2); Docket No. 87-1, pg. 2 (¶ 2). She and Coconut Properties entered into a Property Management Agreement in which Coconut Properties agreed to lease her house on FEMA's behalf. Docket No. 81, pg. 2 (¶ 4); Docket No. 87-1, pg. 2 (¶ 4). On May 18, 2018, FEMA and Katherine Ortíz-Cardona entered into a Temporary Housing Agreement, allowing her to occupy Reyes's house for a set term. Docket

No. 81, pg. 5.[1]

After the term expired on September 20, 2019, Ortíz refused to vacate Reyes's house. Docket No. 1, pg. 5. Reyes eventually filed an eviction action in Puerto Rico court against Ortíz, and the Puerto Rico court entered judgment in Reyes's favor on January 26, 2021. Docket No. 81, pgs. 2–3 (¶ 6); Docket No. 87-1, pg. 2 (¶ 6). A FEMA quality assurance specialist sent Reyes an email telling her that FEMA would continue to pay Ortíz's rent until she vacated the property. Docket No. 81, pg. 3 (¶ 6).[2] And a different FEMA employee sent Reyes an email telling her that Coconut Properties would need to file a claim with it after Ortíz vacated her home to settle any outstanding debts, including rent. Docket No. 87-1,

---

1. A fact that is supported by a record citation is deemed admitted if it is not properly controverted. D.P.R. Civ. R. 56(e). A fact is properly controverted if the opposing party "support[s] [the] denial or qualification [with] a record citation." D.P.R. Civ. R. 56(b). Coconut Properties has properly supported this assertion, but Reyes has not properly controverted it. See Docket No. 87-1, pg. 2 (¶ 5). Thus, we deem this fact admitted.

2. We deem this fact admitted, too, because Coconut Properties supported it with a record citation, and Reyes failed to properly controvert it. See Docket No. 87-1, pg. 2.

pg. 2 (¶ 2). After this lawsuit was filed, Coconut Properties informed Reyes that FEMA has an account with the rent owed to her, covering the period between the end of the term in the Temporary Housing Agreement and Ortíz vacating her house. Docket No. 80, pg. 6; Docket No. 87-1, pg. 3 (¶ 3).

To sum up, FEMA and Coconut Properties had a contract in which Coconut Properties agreed to lease properties on FEMA's behalf. Coconut Properties, in turn, had a contract with Reyes in which Coconut Properties leased her property on FEMA's behalf. And FEMA had a contract with Ortíz in which it gave her a license to use Reyes's house for temporary housing. Docket No. 16-3, pg. 1.

Reyes sued, as relevant here,[3] Coconut Properties, seeking damages for breach of contract, unjust enrichment, and fraud. Docket No. 1. Coconut Properties now moves for summary judgment on all her claims. Docket No. 80.

---

3. We dismissed Reyes's complaint as to the U.S. government defendants for lack of subject-matter jurisdiction and failure to state a claim. Docket No. 48. Coconut Properties filed a motion to dismiss Reyes's complaint for lack of subject-matter jurisdiction (failure to meet the amount-in-controversy requirement), which we denied. Docket No. 70.

## II. Summary Judgment Standard

Coconut Properties argues that it is entitled to summary judgment on one ground: Reyes, it says, has no evidence that Coconut Properties breached the contract between them and no evidence satisfying the elements of an unjust enrichment claim. Docket No. 80, pgs. 4–6.

The purpose of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Tobin v. Fed. Express Corp.*, 775 F.3d 448, 450 (1st Cir. 2014) (quoting *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992)). Summary judgment is appropriate only when the record shows that "there is no genuine dispute as to any material fact" and the movant "is entitled to judgment as a matter of law." *Alston v. Town of Brookline*, 997 F.3d 23, 35 (1st Cir. 2021) (citing Fed. R. Civ. P. 56(a)). When the nonmovant bears the burden of proof on an issue, the movant may discharge its initial burden to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law by "aver[ring] 'an absence of evidence to

support the nonmoving party's case.'" *Mottolo v. Fireman's Fund Ins. Co.*, 43 F.3d 723, 725 (1st Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The burden then flips to the nonmovant to "adduce specific facts showing that a trier of fact reasonably could find in h[er] favor." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016). In evaluating Coconut Properties' motion for summary judgment, we view the facts in the light most favorable to Reyes, the nonmovant, and draw all reasonable inferences in her favor. *Alston*, 997 F.3d at 35.

### III. COCONUT PROPERTIES' MOTION FOR SUMMARY JUDGMENT

#### A. Breach of Contract

Reyes alleges that the Temporary Housing Agreement term ended on September 20, 2019, Docket No. 1, pg. 5, yet Ortíz did not vacate Reyes's house until after the Puerto Rico court handed down the eviction judgment in January 2021. She acknowledges that FEMA sent Ortíz notices that she needed to vacate her house before and after the term expired. *Id.* But FEMA and Coconut Properties, she argues, had a duty

to evict Ortíz because they were the ones who had entered into a contract with her. *Id.* at 6–7. As a result of FEMA and Coconut Properties' alleged breach of contract, Reyes claims that she has suffered economic loss (uncollected rent, utility payments, mortgage payments, costs associated with initiating an eviction action in Puerto Rico court, etc.). *Id.*

Coconut Properties breached its contract with Reyes, she says, by failing to return her property to her at the end of the term and by failing to compensate her for Ortíz's use of her property after the term ended. *Id.* at 8. To prevail on her breach-of-contract claim, Reyes must show that Coconut Properties breached their Property Management Agreement and that the breach harmed her. *See Almeida-León v. WM Cap. Mgmt.*, 993 F.3d 1, 13 (1st Cir. 2021) (citing *Mattei Nazario v. Vélez & Asociados*, 145 D.P.R. 508, 521 (1998)). Coconut Properties moves for summary judgment on her breach-of-contract claim on the ground that she cannot prove that it breached their Agreement. Docket No. 80, pgs. 4–5. It argues that it was Reyes's duty, not Coconut Properties' duty, to evict Ortíz. *Id.* at 5. In support, it cites a statement that we made at

the motion to dismiss stage. We noted that the Lease Addendum (a form that the property management companies were supposed to incorporate into their contracts with landlords, Docket No. 16-2, pg. 3) "clearly states that it is [Reyes's] duty as the owner to evict the tenant." Docket No. 48, pg. 10. Coconut Properties asserts that there is nothing that it was obligated to do under the Agreement that it failed to do. Docket No. 80, pg. 4.

Coconut Properties, then, has discharged its burden as the movant by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's c[laim]." *Celotex*, 477 U.S. at 325; *cf. Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990) ("*Celotex* made clear that Rule 56 does not require the moving party to *negate* the elements of the nonmoving party's case."). The burden now flips to Reyes to "produc[e] specific facts sufficient to deflect the swing of the summary judgment scythe." *Trahan v. Wayfair Me., Inc.*, 957 F.3d 54, 60 (1st Cir. 2020) (quoting *Hannon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011)).

Reyes responds that the parties have a contract, that Coconut Properties has admitted that they have a contract, and that Coconut Properties did not file a signed Lease Addendum. Docket No. 87, pgs. 3–4. First, no one is arguing about whether the parties have a contractual relationship. Coconut Properties agrees that they have a contract. The key question is whether it breached any provisions in that contract. Coconut Properties contends that it is entitled to summary judgment because it had no contractual obligation to evict Ortíz or pay rent to Reyes between the end of the Temporary Housing Agreement term and when Ortíz vacated her house. So to survive summary judgment on her breach-of-contract claim, she needs to direct the Court to provisions in the Property Management Agreement that required Coconut Properties to do those things. But she has not done that. Second, although she faults Coconut Properties for not submitting a signed copy of the Lease Addendum at Docket No. 16-4 (which says that it is the landlord's duty to evict a squatter), Coconut Properties does not have to negate her claim. It need only direct the Court to a hole in her

evidence, which it did. *See Celotex*, 477 U.S. at 325. Finally, she alludes to an agency relationship between FEMA and Coconut Properties, Docket No. 87, pgs. 4–5, but she neither develops that argument nor points to any contractual provision that either FEMA or Coconut Properties breached. *See Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (stating that a "party who aspires to oppose a summary judgment motion must spell out his arguments squarely and distinctly, or else forever hold his peace" and that "[t]he district court is free to disregard arguments that are not adequately developed").

Because Reyes has failed to direct the Court to a contractual provision that Coconut Properties breached, Coconut Properties is entitled to summary judgment on her breach-of-contract claim. *See Senra v. Town of Smithfield*, 715 F.3d 34, 42–43 (1st Cir. 2013) (affirming summary judgment in favor of defendant where plaintiff put forward no evidence to support his claim and stating "a plaintiff who aspires to ward off . . . summary judgment must produce enough proof to enable her case to get to a jury" (quoting *Rogan v. City of*

*Boston*, 267 F.3d 24, 27 (1st Cir. 2001))).

### B.  Unjust Enrichment

Reyes alleges that Coconut Properties benefitted from Ortíz squatting in her house and that it should not be allowed to profit at her expense. Docket No. 1, pgs. 8–9. She claims that it is inequitable for Coconut Properties to enjoy the benefit of her house and utilities without compensating her. *Id.* at 9. Under Puerto Rico law, there are five requirements to apply the unjust enrichment doctrine: "1) existence of enrichment; 2) a correlative loss; 3) nexus between loss and enrichment; 4) lack of cause for enrichment; and 5) absence of a legal precept excluding application of enrichment without cause." *P.R. Tel. Co. v. Sprintcom, Inc.*, 662 F.3d 74, 97 (1st Cir. 2011). The fifth requirement makes clear that the unjust enrichment doctrine does not apply where "there is a contract that governs the dispute at issue." *Id.*

Coconut Properties asserts that none of these requirements are satisfied. Docket No. 80, pg. 5. Reyes fails to respond. She merely says that she alleged a cause of action for unjust enrichment in her complaint. Docket No. 87, pg. 4. That

is fatal to her unjust enrichment claim because Coconut Properties has properly supported its motion for summary judgment by averring that she has no evidence to satisfy the requirements of that claim. *See Mottolo*, 43 F.3d at 725. Thus, to survive summary judgment, she needs to "present competent evidence of record that shows a genuine issue for trial," not repeat the allegations in her complaint. *Ruiz-Rosa v. Rullan*, 485 F.3d 150, 156 (1st Cir. 2007). Because she has altogether failed to put forward evidence to support the requirements of her unjust enrichment claim, we grant summary judgment on that claim to Coconut Properties.

### C. Fraud or Contractual Deceit

Reyes alleges that Coconut Properties made false representations that induced her to allow Ortíz to unlawfully remain in her house. Docket No. 1, pg. 9. She claims that Coconut Properties "agreed in writing to evict or remove" Ortíz from her house and concealed from her that it had no intention of doing so, thereby fraudulently inducing her to enter into the Property Management Agreement and tolerate Ortíz squatting in her house. *Id.* at pgs. 8–10.

Under Puerto Rico law, fraud is a type of contractual deceit, or "*dolo*," in Spanish. *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 378 (1st Cir. 2011). Contractual deceit may occur at the formation or performance stage. *Id.* If deceit occurs at the formation stage, and is sufficiently serious, nullification is available. *Id.* If deceit occurs during the performance stage, the party who engages in deceit is liable for the resulting damages. *Id.* at 378–79. To prove deceit, Reyes must show "(1) the intent to defraud; (2) reliance on the fraudulent acts; (3) the false representations used to consummate the fraud; and (4) that the fraud was consummated by virtue of such representations." *Berganzo-Colón v. Ambush*, 704 F.3d 33, 39 (1st Cir. 2013) (quoting *P.R. Elec. Power Auth. v. Action Refund*, 472 F. Supp. 2d 133, 138–39 (D.P.R. 2006)). Good faith is presumed, so the party who wishes to rebut this presumption carries the burden of proof. *Triangle Cayman Asset Co. v. LG & AC Corp.*, 52 F.4th 24, 34 (1st Cir. 2022) (construing Puerto Rico contract law).

Although Coconut Properties broadly asserts that it is entitled to summary judgment because Reyes lacks evidence

to support her allegations against it, its summary judgment motion does not mention her fraud, or contractual deceit, claim. *See* Docket No. 80. To be sure, under *Celotex*, Coconut Properties can discharge its initial burden as the movant for summary judgment by directing the Court to the evidentiary holes in Reyes's case, and that is not an onerous task. *See Grenier v. Vermont Logs Bldgs.*, 96 F.3d 559, 565 (1st Cir. 1996) (stating that, under *Celotex*, "it would take very little in the way of a negative averment at the summary judgment stage to require [the nonmovant who bears the burden of proof at trial] to identify its evidence"). But Coconut Properties must do something more than nakedly assert that Reyes has no evidence to support any of her allegations against it.[4] Indeed,

---

4. We need not weigh in on the precise contours of the moving party's burden under *Celotex*. For Coconut Properties did not mention Reyes's contractual deceit claim in its motion for summary judgment, and its broad assertion that she has no evidence to support her allegations against it is obviously not true, given that many of her allegations are now undisputed facts. But we note that there is disagreement among courts about "how detailed the moving party must be when 'pointing out' the absence of evidence" to support the nonmovant's case. 2 STEVEN S. GENSLER & LUMEN N. MULLIGAN, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY Rule 56 (Westlaw, last updated Feb. 2023).

many of the undisputed facts—which are supported by evidence—are allegations in her complaint. So surely Coconut Properties does not believe that she has no evidence to support any of her allegations. Because Coconut Properties has not directed us to the evidentiary holes, if any, in Reyes's contractual deceit claim, and its general assertion that she lacks evidence to support her allegations against it is not enough to discharge its initial burden under the facts of this case, we deny Coconut Properties' motion for summary judgment as to Reyes's contractual deceit claim.

### IV. Conclusion

In sum, for the reasons above, the Court **grants in part** and **denies in part** Coconut Properties' motion for summary judgment (Docket No. 80). Reyes's breach-of-contract and unjust enrichment claims are hereby **dismissed with prejudice**. Her fraud, or contractual deceit, claim remains.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of March 2023.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE